George O. Brigham & another *vs.* John Dole & others.

If the plaintiff in an action which was commenced in the police court of the city of Boston before *St.* 1859, c. 196, § 25 went into effect has appealed from a judgment therein rendered in his favor, and, after the General Statutes went into effect, recovered judgment in the superior court for a less sum as damages than in the court below, he is not entitled to recover any costs, but the defendant is entitled to recover full costs.

Merrick, J. This action was commenced by the issuing of a writ returnable to the police court in the city of Boston. Judgment was there rendered in behalf of the plaintiffs on the 24th of May 1859. On the same day they appealed from that judgment, and entered their appeal in the superior court at a term held on the first Tuesday of the then next ensuing month of July. They afterwards recovered judgment in that court on the 18th of July 1860, but for a sum less than that which had been rendered in their favor in the court below.

These dates are material in relation to the question of costs,

the taxation of which in the superior court is objected to by the defendant Dole. By the provisions of the statute which was in force before the 1st of July 1859, if the plaintiff in a civil action tried before a justice of the peace or police court appealed from a judgment there rendered in his own favor, and failed to recover in the court appealed to a greater amount for debt or damages, his costs for the whole suit were to be so restricted as not to exceed one quarter of the sum finally recovered. Rev. Sts. *c.* 121, § 2. But these provisions were repealed and a new rule established by *St.* 1859, *c.* 196, § 25, which took effect on the first day of July 1859, and continued to be in force in respect to all suits and actions then depending, up to the time when final judgment was rendered for the plaintiffs in the superior court. Under this statute, in cases of appeal from a justice of the peace or a police court, when the party appealing does not recover for debt or damages more than he recovered in the court below, with interest on the judgment there rendered, he recovers no costs, but the defendant is entitled to full costs against him.

This statute was in express terms repealed by the General Statutes, by which the rule of the Revised Statutes, relative to costs upon appeals from police courts and justices of the peace, was restored. Gen. Sts. *c.* 182; *c.* 156, § 4. And the plaintiff contends that costs are to be taxed in his behalf upon the judgment recovered by him in the superior court according to the rule prescribed by the Revised Statutes. But by Gen. Sts. *c.* 181, §§ 3, 4, it is provided that the repeal of the acts and parts of the acts therein revised and reënacted shall not revive any law theretofore repealed, nor shall it affect any right accruing or accrued, or any suit or proceeding had or commenced in a civil cause before the repeal shall take effect. From these provisions it is apparent that neither the rule prescribed by the Revised Statutes nor that established by the General Statutes was in force in reference to suits depending when the latter first went into operation and took effect; but that as to those suits costs are to be taxed according to the law as it existed under the *St.* 1859, *c.* 196.

This conclusion is fully warranted by the decision in the case of *Sawyer* v. *Bancroft,* 21 Pick. 210, cited and relied upon by the plaintiffs, in which a similar question arose upon the construction of statutes very closely resembling those upon which the rights of the parties in the present case depend. An action was commenced in the court of common pleas before the Revised Statutes went into operation. The trial there resulted in a ver dict for the plaintiff in a sum less than $100. He appealed to the supreme judicial court, where he recovered judgment for a smaller sum. By Rev. Sts. *c.* 121, § 6, he would not, but the defendant would, have been entitled to costs incurred after the appeal. But upon the construction of the repealing and saving clauses, which were in terms the same as those referred to and quoted from the General Statutes, it was determined that costs were to be taxed under the statutes which were in force when the action was commenced; and this simply for the reason, that although the adoption of a new rule was deemed expedient in relation to all suits which should subsequently be commenced, the old rule respecting the mode of taxing, and the right of parties to recover costs in actions then in progress, was expressly saved from the repeal and continued in force as an existing law. The consequence in that suit, as it is in this, was direct and unavoidable. Costs are a mere incident of the judgment. They are not to be taxed, excepting upon a special order in reference to the terms upon which an amendment is allowed, or the like, until final judgment is rendered ; and then the tax ation must be in conformity to the rules and directions of the law which at that time is in force.

Upon these principles, applied to the facts in the present case, the defendant Dole was entitled to judgment for costs. The adjudication in the superior court that the plaintiffs recover costs against him was erroneous, and must be reversed.

*I. D. Van Duzee,* for the plaintiffs.

*J. Field,* for the defendant Dole.